IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JOSHUA DUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:14-cv-00051 |
| | ) Chief Judge Haynes |
| DERRICK D. SCHOFIELD *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, Joshua Dunn, a state inmate at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Derrick D. Schofield, Arvil Chapman, Michael Parrish, Rhonda Staggs, Nathan King, and Sean Brantley. Plaintiff alleges violations of his constitutional rights arising out of threats to his prsoal safety st SCCF. Plaintiff alleges that Defendants Chapman and Chapman failed to provide a safe environment at SCCF. Plaintiff alleges Defendants Michael Parrish, Rhonda Staggs, Nathan King, and Sean Brantley refused to continue his protective custody confinement without affording him an opportunity to be heard.

Plaintiff's claims are that he was denied access to legal materials, his counsel and a scheduled court hearing in violation of his First Amendment right of access to the courts; that the denial of his placement in protective custody in light of gang wars violates his Eighth Amendment right to personal safety and his right under the Equal Protection Clause of the Fourteenth Amendment and denial of medical care for his asthma attack violated his Eighth Amendment right to medical care for his condition.

## A. Analysis of the Complaint

According to his complaint, on December 13, 2013, Plaintiff, a member of the Crips gang was placed in segregation for possession of a deadly weapon. (Docket Entry No. 1, Complaint at 7). According to Plaintiff, he explained to the SCCF internal affairs office that he was given two knives by another Crips gangmember, who directed him to "kill a Blood or be killed." Id. Rather than complying with this directive, Plaintiff alleges that he reported himself to prison officials as in possession of the knives. Id. After explaining the situation to prison authorities, Plaintiff was placed in protective custody from December 20, 2013 through at least January 9, 2014. Id.

On January 9, 2014, Plaintiff alleges that the Defendants Michael Parris, Rhonda Staggs, and Nathan King, Protective Custody Panel Members determined that there was not evidence to continue Plaintiff's protective custody status. Id. Plaintiff alleges that these Defendants' refusal to keep him in protective custody their failure to afford him a hearing, as with other inmates in protective custody, created a serious danger to his personal safety. Id. at 7-8 Plaintiff alleges that other inmates in protective had a hearing on their continued confinement. Id. at 8. Plaintiff's complaint, prison officials determined that, in the absence of a specific threat, prison regulations did not require keeping Plaintiff in protective custody for more than seven days after the incident that resulted in the placement in protective custody. (*See* Docket Entry No. 1, at 14–19.)

Plaintiff further alleges that on February 21, 2014, he was housed in a segregation unit with another member of the Crips. Id. at 8 Plaintiff allegedly told Defendant Sean Brantley, a corrections officer, that he was in great danger from his cellmate, because his cellmate was related to the Crips gangmember who was killed at SCCF in September 2013. Id. Plaintiff alleges that his cellmate was upset with Plaintiff because he did not follow instructions to kill a

Blood. Plaintiff told Brantley that he would kill himself, if Brantley did not move him, because he was in great fear for his life. Id. at 8-9. After Brantley refused to move him, Plaintiff cut his own arm to be sent to medical instead of remaining in the cell with the other gang member. Id. Plaintiff was taken to the County Hospital, where he received eight stitches in his arm. Id. In am attachment to his complaint, Plaintiff alleges gang wars betwenn the Crips and the Bloods.

In addition, Plaintiff alleges that he suffered an asthma attack. As to his Eighth Amendment claim for unnecessary suffering from an asthma attack, Plaintiff alleges that his cellmate pressed the emergency call button for help and Defendant King responded "there was nothing wrong with [Plaintiff]," and walked away. (Docket Entry No. 1, Complaint at 8.) Defendant Parrish asked Plaintiff if he could walk to medical, and when Plaintiff replied no, Parrish walked away. Plaintiff alleges that he passed out and his cellmate revived him.

Finally, Plaintiff alleges that while he was in segregation thye Defendant parrish denied him access to the law library to research his pending case ot to call his attorney. Id. at 7. According to Plaintiff, a North Dakota Court attempted to reach him for a telephonic conference or hearing on January 28, 2014, but the Defendant Chapman allegedly denied him access to the telephone to participate in the conference or hearing. Id. As a result, Plaintiff alleges that he "lost" his case.

### B. Conclusions of Law

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, challenging the conditions of confinement. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must summarily dismiss the complaint, or any portion thereof, that fails to

state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under the PLRA "because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In considering whether a *pro se* prisoner's complaint meets this standard, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). *Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

To state a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a deprivation of rights secured by the Constitution and laws of the United States and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2002) (citations omitted).

For his First Amendment access to courts claim, *Bounds v. Smith*, 430 U.S. 817 (1977), "a prisoner's right to access the courts [that] extends to direct appeals, habeas corpus

applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Yet, Plaintiff must allege an actual injury. *Lewis v. Casey*, 518 U.S. 343. 349 (1996). Here, Plaintiff alleges Defendant Parrish's alleged denial of access to a law library and his counsel as well as participation Defendant Chapman's denial of Plaintiff's participation in in a judicial telephone conference. Plaintiff alleges that he "lost" his case. These factual allegations state a First Amendment claim

In the prison context, the Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the personal safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "Deliberate indifference of a constitutional magnitude may occur when prison guards fail to protect one inmate from an attack by another." *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990). Here, Plaintiff alleges that prison officials were reasonable when they placed him in protective custody, but by their release without a prior hyearing as provided in such instances, the Defendant created such a serious risk to his personal safety such that Plaintiff mutilated himself requiring eight stitches and treatment at an outside hospital. Given Plaintiff's possession of two knifes, a directive from a gang member to kill a rival gang member, Plaintiff's sel-inflicted injury to avoid his release to general population and the allegations off gang wars at SCCF, the Court concludes Plaintiff states a plausible claim ofr his personal; safety claims under the Eighth Amendment..

As to Plaintiff's claim against Commissioner Derrick Schofield in his official capacity, Plaintiff can pursue only injunctive relief, *Will v. Mich. State Police*, 491 U.S. 58, 71 n.10 (1989), Plaintiff must still show that he suffered an injury arising from an unconstitutional policy or custom in order to establish a claim for relief. *See Kentucky v. Graham*, 473 U.S. 159, 166

(1985). Given that level of serious and ongoing violence giving rise to Plaintiff's claims and Plaintiff's allegations of TDOC prisoners being required to provide for their personal safety, the Court concludes that Plaintiff states a claim for injunctive relief against the Defendant Schofield in his official capacity and the Defendant Chapman, the SCCF Warden. *Grubbs v. Bradley*, 552 F. Supp. 1052 (M.D. Tenn. 1982).

As to Plaintiff's asthma attack, the Eighth Amendment prohibits prison officials from acting with "deliberate indifference" to prisoners' "serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted). Plaintiff's asthma attack, coupled with Plaintiff allegedly fainting constitutes a sufficiently serious medical need. Defendants Parrish and King were allegedly aware of this asthma attack and disregarded the attack giving rise to the inference of their awareness of the risk to Plaintiff's health, The Court concludes that Plaintiff's claims against Defendants Parrish and Chapman state an Eighth Amendment claimnfor denial of medical care

As to his Equal Protection, he does not allege that he is a member of a protected class. *Davis v. Prison Health Servs.*, 679 F.3d 433, 438 (6th Cir. 2012). Thus, that claim should be dismissed.

For the reasons set forth herein, the Court concludes that Plaintiff states viable claims against the Defendants colorable claim against Defendants Derrick D. Schofield, Arvil Chapman, Rhonda Staggs, Sean Brantley Michael Parrish and Nathan King. The Clerk shall issue process upon Plaintiff's completion of service forms to be provided by the Clerk upon entry of this

this Order.

    An appropriate Order is filed herewith.

    **ENTERED** this the _20th_ day of May, 2014

                                      WILLIAM J. HAYNES, JR.
                                      Chief Judge
                                      United States District Court