# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| JOSHUA DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:14-00051 |
| | ) | Judge Haynes/Brown |
| DERRICK D. SCHOFIELD, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

To: The Honorable William J. Haynes, Jr., Senior United States District Judge.

## REPORT AND RECOMMENDATION

For the reasons explained below, the Magistrate Judge **RECOMMENDS** that: **1)** Tennessee Department of Correction (TDOC) Assistant Commissioner Derrick Schofield's motion to dismiss (Doc. 111) be **GRANTED**; **2)** plaintiff's motion to amend (Doc. 128) be **DENIED**; **3)** plaintiff's motion for a preliminary injunction (Doc. 129) be **DENIED**; **4)** this action be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted under Rule 12(b)(6), Fed. R. Civ. P. and 28 U.S.C. § 1915(e)(2)(B)(iii); **5)** acceptance and adoption of this Report and Recommendation (R&R) constitute the **FINAL JUDGMENT** in this action; **6)** any appeal **NOT** be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

## I. INTRODUCTION
## and
## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, was a prisoner in the South Central Correctional Facility (SCCF) at the time he brought this action under 42 U.S.C. § 1983 against defendant Schofield and five others. (Doc. 1) Plaintiff has since been transferred from SCCF to the West Tennessee State Penitentiary (WTSP) (Doc. 72), and this action has been dismissed with prejudice against all of the defendants except defendant Schofield (Doc. 103).

Pending before the court are defendant Schofield's motion to dismiss under Rule 12(b)(1), Fed. R. Civ. P. for lack of subject matter jurisdiction (Doc. 111), plaintiff's motion to amend his complaint (Doc. 128), and plaintiff's motion for a preliminary injunction (Doc. 129). Plaintiff did not respond to defendant Schofield's motion to dismiss; however, defendant Schofield opposed plaintiff's motions to amend and for a preliminary injunction. (Docs. 133-34) This matter is now properly before the court.

## II. ANALYSIS

### A. Defendant Schofield's Motion to Dismiss

Defendant Schofield moves to dismiss this action for want of subject matter jurisdiction under Rule 12(b)(1). The Magistrate Judge disagrees that the court lacks subject matter jurisdiction and, as such, Rule 12(b)(1) is inapplicable. Based on the motion and supporting memorandum of law, the Magistrate Judge concludes that Rule 12(b)(6), Fed. R. Civ. P. applies instead.

An action brought in federal court may be dismissed for failure to state a claim on which relief may be granted. Rule 12(b)(6), Fed. R. Civ. P. In assessing a motion to dismiss under Rule 12(b)(6), the court is required to construe the complaint in the light most favorable to the plaintiff, accept the plaintiff's factual allegations as true, and determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Services, Inc.,* 668 F.3d 393, 403 (6th Cir. 2012)(quoting *Ashcroft v. Iqbal*, 556 U.S. 663 (2009)). A motion to dismiss under Rule 12(b)(6) "should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007)(quoting *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004)(internal quotation and citation omitted)). Review under Rule 12(b)(6) is limited to the pleadings. *See Tellabs, Inc. v. Makor Issues & rights, Ltd.*, 551

U.S. 308, 322-23 (2007); *see also Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010).

The record shows that plaintiff sued defendant Schofield for acts and/or omissions that allegedly occurred at SCCF, but only in his official capacity. (Doc. 1, ¶ III.B.1, p. 4) The court previously ruled that, because plaintiff sued defendant Schofield in his official capacity, plaintiff "can pursue only injunctive relief . . . ." (Doc. 8, pp. 5-6) The record shows that plaintiff was transferred from SCCF to WTSP after he filed his complaint. A prisoner's transfer from the facility against which he seeks injunctive relief moots his request for such relief. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010)(citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)). Because plaintiff is no longer incarcerated in SCCF, plaintiff fails to state a claim for injunctive relief against defendant Schofield.

The Magistrate Judge notes here that plaintiff's response to defendant Schofield's motion to dismiss is conspicuously absent from the docket. Reading the motion and the supporting memorandum shows that both were mailed to plaintiff at SCCF, a particularly egregious error inasmuch as plaintiff transferred from SCCF to WTSP 3-plus months before defendant Schofield filed his motion to dismiss, and inasmuch as the motion to dismiss is predicated upon that transfer. Given this error, it may well be that plaintiff did not respond to defendant Schofield's motion to dismiss because plaintiff was unaware that it was filed.

At first blush, equity would seem to demand giving plaintiff a chance to respond to defendant Schofield's motion to dismiss. However, providing plaintiff an opportunity to respond will not alter the fact that plaintiff is no longer at SCCF and, as such, his demand for injunctive relief is moot. In short, providing plaintiff an opportunity to respond would be an exercise in futility. Moreover, 18 U.S.C. § 1915(e)(2)(B)(iii) provides that where, as here, a plaintiff is proceeding *in forma*

3

*pauperis*, "the court **shall dismiss the case at any time** if the court determines that . . . the action . . . fails to state a claim on which relief can be granted . . . ." (Emphasis added) As explained above, plaintiff's transfer from SCCF to WTSP moots his demand for injunctive relief irrespective of whether defendant Schofield filed a motion to dismiss or not. Accordingly, the mandatory-dismissal provision of § 1915(e)(2)(B)(iii) provides independent grounds for dismissing this case against defendant Schofield.

For the reasons explained above, defendant Schofield's motion to dismiss (Doc. 111) should be granted, and the case against him dismissed with prejudice.

### B. Plaintiff's Motion to Amend

Plaintiff has moved to amend his complaint. (Doc 128) The proposed amendment pertains to acts and/or omissions alleged to have occurred at WTSP. The proposed amended complaint also names six new defendants, all of whom are identified as members of the staff at WTSP. (Doc. 128-1, ¶¶ III.49, pp. 2-3) Plaintiff's motion to amend (Doc. 128) should be denied because it has nothing to do with this cause of action.[1]

### C. Plaintiff's Motion for a Preliminary Injunction

Plaintiff has moved for a preliminary injunction regarding matters alleged to have occurred

---

[1] Plaintiff's proposed amended complaint constitutes an entirely new cause of action. Venue for any action brought on the new grounds alleged is governed by 18 U.S.C. § 1391(b). Section 1391(b) requires that an action be brought only in: 1) a judicial district where any defendant resides, if all defendants reside in the same state; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or 3) a judicial district in which defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought. While defendant Schofield is amenable to suit in any district in the State of Tennessee because of his position in TDOC, the other newly named defendants are amenable to suit only in the Western District of Tennessee. Moreover, all of the new acts and/or omissions are alleged to have transpired in the Western District of Tennessee. In short, although venue in any new case based on plaintiff's proposed amended complaint would be technically proper in the Middle District of Tennessee under § 1931(b) because defendant Schofield is amenable to suit in this district, the action is more properly brought in the Western District of Tennessee. To that end, were a new case filed in the Middle District of Tennessee, the court would have the discretion to transfer it to the Western District of Tennessee under 28 U.S.C. § 14014(a) "[f]or the convenience of parties and witnesses [and] in the interest of justice . . . ." In short, should plaintiff wish to pursue the claims in his proposed amended complaint, he should file a new case in the Western District of Tennessee.

at WTSP. For reasons explained at n. 1 above, plaintiff should pursue the matters set forth in his motion for a temporary restraining order in a new case filed in the Western District of Tennessee. As explained above, this action also is subject to dismissal for failure to state a claim. Plaintiff's motion for a preliminary injunction (Doc. 129) should be denied for both of these reasons.

### III. CONCLUSION AND RECOMMENDATION

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that: **1)** Assistant Commissioner Schofield's motion to dismiss (Doc. 111) be **GRANTED**; **2)** plaintiff's motion to amend (Doc. 128) be **DENIED**; **3)** plaintiff's motion for a preliminary injunction (Doc. 129) be **DENIED**; **4)** this action be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted under and Rule 12(b)(6), Fed. R. Civ. P. and 28 U.S.C. § 1915(e)(2)(B)(iii); **5)** acceptance and adoption of this R&R constitute the **FINAL JUDGMENT** in this action; **6)** any appeal **NOT** be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 27th day of April, 2015.

/s/Joe B. Brown  
Joe B. Brown  
United States Magistrate Judge